Judith Wess, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 11, 1983, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Gary L. Costlow,* for petitioner.

*James S. Marshall,* Assistant Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 25, 1983:

Judith Wess has filed a petition for review of a final order of the Secretary of the Department of Public Welfare denying her request for reconsideration of an order of the Department's Office of Hearings and Appeals rejecting her appeal *nunc pro tunc* from the termination of the benefits provided by the Act of December 8, 1959, P.L. 1718, *as amended,* 61 P.S. §951 (Act 534). We vacate the order and remand the record to the Department for a hearing and a determination of whether, as she contends, her appeal was late because she was given misleading information by Department employees and should be allowed *nunc pro tunc.*

The facts, as alleged by the petitioner, are that the petitioner was employed at the Ebensburg Center, a Sate mental hospital operated by the Department of Public Welfare. She suffered a work-related injury on August 11, 1980, and thereafter was paid both workmen's compensation and Act 534 benefits. This case concerns her Act 534 benefits and Act 534 provides as follows:

> Any employee of a state mental hospital . . . under the Department of Public Welfare, who is injured during the course of his employment by an act of . . . any person confined in such institution . . . shall be paid by the Commonwealth of Pennsylvania, his full salary, until

the disability arising therefrom no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of his injury.

All medical and hospital expenses incurred in connection with any such injury shall be paid by the Commonwealth of Pennsylvania until the disability arising from such injury no longer prevents his return as an employe of such department, board or institution at a salary equal to that earned by him at the time of injury.

During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing.

The superintendent of the Ebensburg Center, by letter dated November 6, 1981, notified the petitioner that her Act 534 benefits had been terminated effective October 29, 1981 because a medical expert described her as able to return to full duty. Her workmen's compensation benefits seem to have been terminated at the same time and for the same reason. The superintendent's letter terminating the petitioner's Act 534 benefits also informed her of her right to appeal the decision within two weeks from the date of the receipt of the letter[1] and that the personnel office

---

[1] The appeal was determined to be untimely because it was not filed within the two weeks required by DPW regulation 8453.591 which provides:

Employe may appeal the decision in his case as provided for by the Administrative Agency Law, June 4, 1945, P.L. 1388, as amended (71 P.S. §1710.1 et seq.). The appeal

was "prepared to counsel and assist" her in this matter. The petitioner alleges that she telephoned the personnel office and was directed by a member of the staff to consult the State workmen's compensation authorities concerning the termination of her benefits, and that on November 16, 1981, she filed a workmen's compensation claim petition. This action resulted in the resumption of her workmen's compensation benefits by agreement of the employer. The petitioner alleges that she then consulted the school's personnel office to inquire about her Act 534 benefits and was told that these benefits could not be reinstated because she had not filed a timely appeal from the denial of her Act 534 benefits. On January 13, 1982, after retaining counsel, the petitioner filed an appeal *nunc pro tunc* from the department's refusal of her Act 534 benefits. This was rejected by the department. She then requested reconsideration of this action, but this application was summarily rejected.

The petitioner asks us to direct the department to reconsider its denial of her request for Act 534 benefits, asserting that her late appeal was the result of the bad or inadequate counseling given her by the personnel officer of the Ebensburg Center. We have concluded that the department erred in summarily rejecting her request for reconsideration, and remand the matter to the department for a hearing of the facts and for consideration of whether her appeal *nunc pro tunc* should have been allowed.

Extensions of the time for filing appeals are not to be granted as a matter of indulgence; however, fraud or its equivalent, including " 'the wrongful or negligent act of [an] official' . . . may be a proper reason

should be addressed to the Hearing and Appeal Unit, Room 318, OAB Building, P.O. Box 2675, Harrisburg, Pa. 17120, and must be filed within two weeks from the date the decision was delivered to the employee. Appendix IV.

for holding that, as to the injured person, the statutory period does not run and that the wrong may be corrected by means of a petition filed *nunc pro tunc* within a reasonable time." *Nixon v. Nixon*, 329 Pa. 256, 260, 198 A. 154, 157 (1938), *see also, Gil v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 605, 70 A.2d 422 (1950) (appeal *nunc pro tunc* allowed because claimant was misled, although unintentionally, by an agency employee).

The petitioner alleges that she failed to appeal the termination of her Act 534 benefits by reason of the fault of personnel people to whom she was specifically referred for advice. The facts she alleges could support her application to file an appeal *nunc pro tunc;* and they have never been heard, much less considered.

We therefore vacate the department's orders rejecting the appeal *nunc pro tunc* and refusing reconsideration and remand the record to the department for a hearing of the issues raised by the petitioner related to the late appeal and, if they warrant allowance of the late appeal, for a decision as to her entitlement to Act 534 benefits; adding, on the merits, that we have difficulty understanding how she could be entitled to workmen's compensation benefits by agreement of the employer and be denied Act 534 benefits for the same period of disability. Jurisdiction is relinquished.

### ORDER

AND Now, this 25th day of July, 1983, the orders of the Secretary of Department of Public Welfare in the above-captioned matter refusing the petitioner's appeal *nunc pro tunc* and her application for reconsideration are vacated and the record is remanded for a hearing and further proceedings not inconsistent with the opinion filed herewith. Jurisdiction is relinquished.