Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* David Brian Cox, Appellee.

Submitted on briefs October 11, 1985, to Judges CRAIG and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

Stephen F. J. Martin, Assistant Counsel, with him, Harold Cramer, Assistant Counsel, Spencer A. Manthorpe, Chief Counsel, and Jay C. Waldman, General Counsel, for appellant.

Stephen C. Veltri, Berkman, Ruslander, Pohl, Lieber & Engel, for appellee.

OPINION BY JUDGE CRAIG, November 7, 1985:

In this Vehicle Code case involving a driver's license suspension mandated by 75 Pa. C. S. §1532(b) when there has been a conviction under section 3743 for failure to stop at an accident, the Pennsylvania Department of Transportation (DOT) has appealed a trial judge's order which sustained the driver's appeal in the Court of Common Pleas of Allegheny County on the ground that DOT failed to submit admissible proof of the underlying section 3743 conviction.

To meet the burden of proving the conviction, DOT counsel, having inexplicably come to court without the official certification, offered to patch that omission by calling the driver himself, as upon cross-examination, to testify to the fact of his conviction for the section 3743 offense.

Did the trial judge's refusal of that offer constitute an abuse of his discretion or an error of law?

The trial judge's order is affirmed because there was no abuse of discretion and because, as a matter of law, DOT's offer was inadmissible under the best evidence rule.

The trial judge properly refused to allow DOT to embark upon what would be an unsound practice—reliance upon the testimony of drivers to prove their own convictions, in place of the proper official certifications which are necessarily available in the agency's own files.

Moreover, as a matter of law, the best evidence of a conviction is the court record itself, duly certified. More than a century ago, in *Buck v. Commonwealth,* 107 Pa. 486 (1884), the Pennsylvania Supreme Court held that a party cannot prove a conviction by putting the question to the allegedly convicted person upon cross-examination. "The proper mode of proving a conviction for ... any ... crime ... is the production of the record. It is the highest and best evidence." 107 Pa. at 491.

ORDER

Now, November 7, 1985, the order of the Court of Common Pleas of Allegheny County, at No. SA 190 of 1983, dated November 18, 1983, is affirmed.