533 A.2d 521

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Ruth Irene Vesa, Appellee.

Submitted on briefs October 8, 1987, to Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

*John G. Greeno, Berkman, Ruslander, Pohl, Lieber & Engel,* for appellee.

Opinion by Judge Palladino, November 18, 1987:

The Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Ruth Irene Vesa (Appellee) and reversed DOT's suspension of her driver's license. We reverse.

On April 27, 1985, Appellee was arrested and charged with reckless driving in violation of Section 3714 of the Vehicle Code, 75 Pa. C. S. §3714. She was subsequently convicted of this charge and did not appeal. As a result of this conviction, DOT assigned three points against her driving record, thereby giving her a total of thirteen points. On December 23, 1985, DOT notified Appellee that pursuant to Section 1539 of the

Vehicle Code, 75 Pa. C. S. §1539, her driver's license was being suspended for 65 days.[1] Appellee appealed to the trial court.

The trial court reversed DOT's suspension holding that even though DOT had submitted certified records of Appellee's conviction,

> the only evidence to 'prove' reckless driving was the testimony of the police officer that he saw the [Appellee] 'spinning her wheels.' In the absence of other evidence, 'spinning her wheels' is not sufficient to sustain a charge of reckless driving which triggered the suspension in this case.

*Department of Transportation v. Vesa* (No. SA 86 of 1986, filed April 8, 1986), slip op. at 1. DOT has appealed to this court.

Our scope of review in license suspension appeals is limited to a determination of whether the trial court committed an error of law or violated constitutional rights, or whether the trial court's findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Traffic Safety v. Webster,* 104 Pa. Commonwealth Ct. 214, 521 A.2d 519 (1987).

It is now firmly established that in a license suspension proceeding, the motorist may not collaterally attack the conviction upon which the suspension is based. *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa. Commonwealth Ct. 8, 453 A.2d 742 (1982); *Department of Transportation, Bureau of Traffic Safety v. Pattison,* 52 Pa. Commonwealth Ct. 1, 415 A.2d 435 (1980).

The record in this matter clearly shows that DOT submitted a certified copy of the conviction upon which

---

[1] Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539 mandates a suspension of five days per point if a motorist accumulates 11 or more points.

Appellee's suspension was based. Moreover, Appellee did not appeal this conviction. The trial court reversed, however, stating there was an insufficiency of evidence presented at the suspension hearing which would tend to prove that Appellee had committed the violation of which she was convicted. In addressing the merits of the underlying conviction, the trial court committed an error of law in that such collateral review is impermissible.

Accordingly we reverse the order of the trial court and reinstate DOT's suspension of Appellee's license.

ORDER

AND NOW, November 18, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.