580 A.2d 909

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Benjamin Howard EMERY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 6, 1990.

Decided Sept. 26, 1990.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

David H. Patterson, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas of Allegheny County, dated December 13, 1989, which permitted Benjamin Howard Emery (Emery) to appeal nunc pro tunc from an indefinite suspension of his operator's license by DOT pursuant to Section 1538(c) of the Vehicle Code, 75 Pa. C.S. § 1538(c) (failure to attend a departmental hearing), and which sustained his appeal of the suspension. The issues before this Court are whether the trial court properly granted Emery's petition to appeal nunc pro tunc and whether DOT satisfied its initial burden of proof by producing records of convictions justifying the suspension of Emery's operator's license. This Court finds that the appeal nunc pro tunc was properly granted and that DOT failed to satisfy its initial burden of proof.

On November 21, 1988, Emery was issued a citation (November 1988 citation) by the Pennsylvania State Police for violation of Section 3362(a) of the Vehicle Code, 75 Pa. C.S. § 3362(a) (exceeding the maximum speed limit). On January 9, 1989, Emery responded to the citation by posting $102.50 as collateral for his appearance at trial and entering a plea of not guilty. However, the posting of collateral and the plea of not guilty were recorded in error at the district justice's office as payment of the fine and a plea of guilty. As a consequence of the recording error, the office of the district justice inaccurately reported to DOT that Emery

entered a plea of guilty.[1]  Thereafter, Emery received an official notice dated March 22, 1989 stating that because of his "conviction", he accumulated six points on his driving record and was required to attend a departmental hearing on April 18, 1989.  Emery failed to attend that hearing.  He also received a notice dated April 5, 1989 from District Justice Brenda M. Knepper stating that a hearing would be held on the November 1988 citation on April 25, 1989.  Emery was found not guilty at that hearing.

By official notice dated and mailed May 31, 1989, DOT informed Emery that his operating privileges were scheduled for indefinite suspension pursuant to Section 1538(c) of the Vehicle Code.  Upon notification by Emery of the recording error that resulted in the suspension, District Justice Knepper forwarded a letter dated September 15, 1989 to DOT stating that Emery was found not guilty on the November 1988 citation.  DOT, however, refused to correct Emery's driving record.  On October 17, 1989, Emery filed a petition to appeal nunc pro tunc from the suspension in the Court of Common Pleas of Allegheny County.  At a de novo hearing before the trial court, DOT moved to quash the appeal as untimely.  The trial court denied DOT's motion and sustained Emery's appeal from the suspension because he was found not guilty on the November 1988 citation.[2]

█ DOT contends that the trial court lacked jurisdiction to hear Emery's appeal from the suspension because the

1.  Section 6501(b) of the Vehicle Code, 75 Pa.C.S. § 6501(b), provides that "[a] payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty."

2.  This Court's scope of review is dual: The scope of review of a trial court's decision permitting an appeal nunc pro tunc is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983).  The scope of review of a trial court's decision in an operator's license suspension case is limited to a determination of whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion.  *Waldspurger v. Commonwealth,* 103 Pa.Commonwealth Ct. 148, 520 A.2d 83 (1987).

appeal was untimely. Section 1550(a) of the Vehicle Code, *as amended,* 75 Pa. C.S. § 1550(a), grants the right to appeal to any person whose operator's license has been suspended by DOT. Section 5571(b) of the Judicial Code, 42 Pa. C.S. § 5571(b), requires that an appeal from a government unit such as DOT be commenced within thirty days after the entry of the order. Section 5572 of the Judicial Code, 42 Pa. C.S. § 5572, provides that the date of mailing the order shall be the date of entry of the order. Emery filed his appeal from the suspension on October 17, 1989, more than four months after the mailing of the suspension notice. Thus, there is no dispute that Emery failed to comply with the statutory requirements for filing his appeal. Despite untimeliness of the appeal, the trial court did not lack jurisdiction under the circumstances in this case.

█ DOT also contends that the trial court improperly granted Emery's appeal nunc pro tunc because he failed to present evidence that constituted grounds for permitting an appeal nunc pro tunc. An appeal nunc pro tunc may be permitted upon showing that the delay in filing the appeal resulted from extraordinary circumstances involving fraud or a breakdown in the court's operations which caused injury to the appealing party. *Rick,* 75 Pa. Commonwealth Ct. at 516, 462 A.2d at 903 (1983). The delay in filing Emery's appeal resulted from the recording error at the district justice's office which clearly constituted a breakdown in court operations. Moreover, the recording error is an example of "wrongful or negligent acts of [an] official ... [which] ... may be a proper reason for holding that, as to an injured person, the statutory period does not run and that the wrong may be corrected by means of a petition filed nunc pro tunc within a reasonable time." *Wess v. Department of Welfare,* 75 Pa. Commonwealth Ct. 628, 631, 462 A.2d 955, 957 (1983). Thus, the recording error constituted proper grounds for the trial court to grant Emery's petition to appeal nunc pro tunc.

█ DOT also argues that, even if the trial court properly granted Emery's petition to appeal nunc pro tunc,

Emery failed to present evidence to rebut DOT's proof of the conviction that justified suspension of his operating privileges. In the case of a suspension of an operator's license based upon the accumulation of points, the initial burden of proof is upon DOT to produce the records of convictions justifying the suspension. *George Appeal,* 101 Pa. Commonwealth Ct. 241, 515 A.2d 1047 (1986); *Commonwealth v. Siedlecki,* 7 Pa. Commonwealth Ct. 130, 300 A.2d 287 (1973). This Court has held that "[a] conviction occurs when there is a finding of guilt and a sentence imposed." *Department of Transportation, Bureau of Traffic Safety v. Edwards,* 103 Pa. Commonwealth Ct. 43, 45, 519 A.2d 1083, 1084 (1987). At the April 18, 1989 hearing before District Justice Knepper, Emery was found not guilty. Consequently, there was no conviction on the November 1988 citation. DOT could not have produced the record of a conviction that did not occur. Thus, DOT failed to satisfy its initial burden of proof because it did not produce the records of convictions justifying the suspension of Emery's operator's license.

Even if DOT did satisfy its initial burden of proof, Emery presented evidence to rebut DOT's evidence of a conviction. Emery presented the September 15, 1989 letter of District Justice Knepper stating that he was found not guilty. DOT contends that the letter is inadmissible hearsay, and does not qualify as an official record under Section 6103 of the Judicial Code, 42 Pa. C.S. § 6103.[3] In an appeal from an operator's license suspension, copies of a district justice's records that contain the necessary elements of certification, including the signature and seal of a judicial officer, are admissible to prove the disposition of a motor

3. Section 6103 of the Judicial Code provides:
   An official record kept within this Commonwealth by ... any district justice ... or any entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having legal custody of the record ... and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government in which the record is kept, authenticated by the seal of his office....

vehicle violation. *See Department of Transportation, Bureau of Traffic Safety v. Kluger,* 12 Pa. Commonwealth Ct. 460, 317 A.2d 686 (1974). The letter that Emery presented at the trial court stating that he was found not guilty contained the signature and official seal of District Justice Knepper. The letter, properly certified, was admissible as an official record within the meaning of Section 6103. Thus, Emery satisfied the requirement that, in order to rebut evidence of a conviction, a licensee "prove by competent and convincing evidence that he was not convicted." *George,* 101 Pa. Commonwealth Ct. at 243, 515 A.2d at 1047 (1986).

■ DOT also contends that the letter of the District Justice is inadmissible because it is not the best evidence. DOT cites *Department of Transportation, Bureau of Traffic Safety v. Cox,* 92 Pa. Commonwealth Ct. 591, 499 A.2d 1140 (1985) as authority for the rule that the best evidence of the disposition of a citation is the certification of the disposition of that citation. As this Court finds that the letter of the District Justice constitutes proper certification, it is only necessary to address DOT's argument by pointing out that "[t]he rule requiring production of the best evidence calls for the best that can be produced *at the time it is offered.*" *Anderson v. Commonwealth,* 121 Pa. Commonwealth Ct. 521, 525, 550 A.2d 1049, 1050 (1988), citing *L.C.S. Colliery, Inc. v. Globe Coal Co.,* 369 Pa. 1, 9, 84 A.2d 776, 781 (1951) (emphasis in original). At the time Emery offered the letter into evidence, DOT also presented its records to the trial court. The contents of the documents were in conflict. The trial court resolved the conflict in favor of Emery, by sustaining Emery's appeal. In an operator's license suspension appeal, the resolution of evidentiary conflicts is for the trial court. *Department of Transportation, Bureau of Driver Licensing v. Fleming,* 119 Pa. Commonwealth Ct. 343, 547 A.2d 488 (1988). Therefore, the trial court's decision to accept the letter of the District Justice over the records presented by DOT will not be disturbed.

■ Finally, DOT contends that the finding of not guilty at the April 25, 1989 hearing is a nullity because the District Justice imposed a sentence following Emery's "conviction" and consequently lacked jurisdiction to conduct the April 25th hearing. DOT argues that, under *Commonwealth v. Bassion,* 390 Pa.Superior Ct. 564, 568 A.2d 1316 (1990), Emery's sole means of challenging the suspension was to appeal the underlying conviction to the court of common pleas. That case does not apply to Emery because there was no conviction to appeal. After Emery entered a plea of not guilty, it was appropriate for the District Justice to initially correct her recordkeeping error and to then proceed to hold a hearing on the November 1988 citation. Moreover, the District Justice would not have held a hearing had she previously imposed a sentence against Emery as DOT would lead this Court to believe. The finding of not guilty was not, therefore, a nullity.

■ Emery contends that DOT's appeal to this Court is frivolous, and therefore, he is entitled to an award of costs including a reasonable counsel fee. An appeal is frivolous within the meaning of Pa. R.A.P. 2744 when an appellant presents no justiciable question, and the appeal is readily recognizable as devoid of merit in that there is little prospect of success. *Hewitt v. Commonwealth,* 116 Pa.Commonwealth Ct. 413, 541 A.2d 1183 (1988), *appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989). The questions raised by DOT in this appeal present issues of first impression and thus it cannot be said that the appeal is readily recognizable as devoid of merit. This Court therefore finds that DOT's appeal is not frivolous and will decline Emery's request for an award of costs.

Accordingly, as the trial court committed no error of law in allowing Emery's appeal nunc pro tunc, and further that the record amply demonstrates competent evidence to support the trial court's decision, this Court must affirm.

## ORDER

AND NOW, this 26th day of September, 1990, the December 13, 1989 order of the Court of Common Pleas of

Allegheny County sustaining Appellee Benjamin Howard Emery's appeal of an indefinite license suspension imposed by the Department of Transportation is hereby affirmed.