634 A.2d 677

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**Ranney MORAN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 27, 1993.

Decided Nov. 16, 1993.

---

Kenneth D. Berman, for appellant.

Marc A. Werlinsky, Asst. Counsel, Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Ranney Moran (Licensee) appeals an order of the Court of Common Pleas of Chester County (trial court) which reinstated a one year suspension of his operating privileges pursuant to section 1539 of the Vehicle Code (Code).[1] We affirm.

The Department of Transportation (DOT) suspended Licensee's operating privileges for one year after Licensee accumulated eleven points on his driving record. Licensee appealed the suspension to the trial court, arguing that the suspension should only be for fifty-five days. After a *de novo* hearing, the trial court reinstated the suspension.

On appeal to this court, two issues are presented: 1) whether the trial court erred in reinstating the one year suspension; and 2) whether the instant appeal is frivolous entitling DOT to costs and attorney's fees.[2]

At the *de novo* hearing before the trial court, DOT introduced Licensee's driving record which established that Licensee had accumulated eleven points. As a result, DOT suspended Licensee's operating privileges pursuant to section 1539 of the Code. Section 1539 of the Code reads, in pertinent part, as follows:

§ 1539. Suspension of operating privilege on accumulation of points

1. 75 Pa.C.S. § 1539.

2. Our scope of review in license suspension appeals is limited to a determination of whether the trial court committed an error of law or violated constitutional rights, or whether the trial court's findings of fact are supported by substantial evidence. *Department of Transportation v. Vesa,* 111 Pa.Commonwealth Ct. 140, 533 A.2d 521 (1987).

(a) General rule.—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

(b) Duration of suspension.—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.

(c) Determination of subsequent suspensions.—Every suspension and revocation under any provision of this sub-chapter shall be counted in determining whether a suspension is a second, third or a subsequent suspension. Acceptance of Accelerative Rehabilitative Disposition for an offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) shall be considered a suspension in making such determination. (Footnote omitted.)

According to Licensee's driving record, Licensee's operating privileges had been suspended on three previous occasions under section 1539,[3] and the suspension was therefore a one year suspension.

 Licensee does not contest the eleven point accumulation or the fact that the instant suspension is his fourth, which under the above quoted section would necessitate a one year suspension. Licensee's argument focuses instead on section 1537 of the Code,[4] which reads as follows:

3. Licensee had been accepted into the Accelerated Rehabilitative Disposition (ARD) program for a violation of 75 Pa.C.S. § 3731, driving while under the influence of alcohol or a controlled substance (DUI). Acceptance into the ARD program for a DUI offense is considered a suspension under section 1539(c), and therefore this acceptance was Licensee's first suspension. Licensee thereafter accumulated eleven points on his driving record, and his license was suspended for the second time under section 1539. Licensee was thereafter charged with a second DUI and was again accepted into an ARD program, as a result of which his license was again suspended. The current suspension as a result of the accumulation of eleven points would therefore be Licensee's fourth suspension under section 1539.

4. 75 Pa.C.S. § 1537.

§ 1537. Removal of points

(a) General rule.—Points recorded against any person shall be removed at the rate of three points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. Removal of points is governed by the date of violation.

(b) Subsequent accumulation of points.—When a driver's record is reduced to zero points and is maintained at zero points for 12 consecutive months, any accumulation of points thereafter shall be regarded as an initial accumulation of points.

The record shows that Licensee's record was free from points for almost three years prior to the latest eleven point accumulation. As a result, Licensee asserts that the accumulation which is the subject of this appeal must be considered an initial accumulation under section 1537(b) of the Code and that his suspension under section 1539 must be deemed a first suspension for a duration of fifty-five days instead of one year. Licensee argues that unless his interpretation is adopted, section 1537(b) will be mere surplusage, because it would have no effect.

We disagree. Certainly, we must, if possible, give effect to all the provisions of a statute which we are interpreting. 1 Pa.C.S.A. § 1921(a); *Philadelphia Suburban Corp. v. Commonwealth*, 144 Pa.Commonwealth Ct. 410, 601 A.2d 893 (1992). However, contrary to Licensee's argument, section 1537(b) does not have to be construed in conjunction with section 1539 in order for it to have meaning.

Section 1537 addresses the accumulation of points. This section applies to section 1538 which discusses the accumulation of points in relation to "driver improvement school" and a "special examination." Under section 1538, upon an initial accumulation of six points, a licensee must either attend an approved driver improvement school or take a special examination.

In contrast, section 1539(c) addresses subsequent suspensions and mandates that all suspensions be counted in determining whether a suspension is a first, second, third or subsequent suspension. Therefore, section 1537, which addresses the accumulation of points only, need not be construed in conjunction with section 1539. Furthermore, under Licensee's analysis, once a licensee's record remains free from points for one year, all of his suspensions would in effect be purged. The result would be that the section 1539 mandate that all suspensions be counted would have no effect, and, as stated above, this result violates the principles of statutory construction.

Therefore, we hold that the trial court did not err in reinstating the one year suspension, because it was Licensee's fourth suspension under section 1539.

We now turn to the question of whether Licensee's appeal is frivolous, entitling DOT to costs and attorney's fees.

Under Pennsylvania Rule of Appellate Procedure 2744, this court may award counsel fees and costs if it determines that an appeal is frivolous. Pa.R.A.P. 2744. An appeal is frivolous if it presents no justiciable question and is readily recognizable as devoid of merit in that there is little prospect of success. *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa.Commonwealth Ct. 274, 580 A.2d 909 (1990). If an appeal raises issues of first impression, "it cannot be said that the appeal is readily recognizable as devoid of merit." *Emery*, 135 Pa.Commonwealth Ct. at 282, 580 A.2d at 913.

The instant appeal raises an issue of first impression, that is, whether section 1537 of the Code would operate to purge a licensee's previous suspensions under section 1539 of the Code if he were to remain free of points for one year. Therefore, the appeal is not frivolous.

Accordingly, the order of the trial court is affirmed.

## *ORDER*

AND NOW, November 16, 1993, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.

FRIEDMAN, Judge, concurring.

I agree with the majority that the appeal of Ranney Moran is not frivolous and that DOT is not entitled to counsel fees under Pa.R.A.P. 2744. I also agree that the order of the trial court must be affirmed; as my reasons for affirming differ from the those of the majority, I respectfully offer this concurring opinion.

At issue herein is the interrelationship between sections 1537 and 1539 of the Vehicle Code, 75 Pa.C.S. §§ 1537 and 1539. The applicable sections provide:

> **(b) Subsequent accumulation of points.**—When a driver's record is reduced to zero points and is maintained at zero points for 12 consecutive months, any accumulation of points thereafter shall be regarded as the *initial accumulation of points.*

75 Pa.C.S. § 1537(b) (emphasis added). Further, 75 Pa.C.S. § 1539 provides:

> **(a) General rule.**—When any person's driving record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).
>
> **(b) Duration of suspension.**—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.
>
> **(c) Determination of subsequent suspensions.**—Every suspension and revocation under any provision of this subchapter shall be counted in determining whether a suspension is a second, third or subsequent suspension. Acceptance into Accelerated Rehabilitative Disposition for an

offense enumerated in section 1532 . . . shall be considered a suspension in making such determination.

It is undisputed that Moran was placed in Accelerated Rehabilitative Disposition (ARD) in 1982 because he had operated his automobile under the influence of alcohol in violation of 75 Pa.C.S. § 3731.[1] Moran's license was suspended in 1983 because his point total reached eleven because of violations unrelated to the drunken driving charge. DOT treated this suspension as Moran's second and the suspension was for 110 days.[2] In 1984, his license was suspended for a third time for three months because he was placed in ARD for again violating 75 Pa.C.S. § 3731. Thereafter, Moran's point total was reduced to zero and remained at that level for more than one year. In 1989, Moran began accumulating points for a series of violations until his point total exceeded the maximum of eleven. DOT suspended his license for one year, claiming that the suspension was Moran's fourth.

Moran has made only one argument throughout these proceedings; he asserts that because his point total was reduced to zero and remained at that level for more than one year, DOT must consider this current suspension for accumulation of points to be his first. Moran argues that DOT should ignore the two admissions into ARD. The majority rejects that argument. I also believe that argument is wrong, for it renders meaningless the legislative mandate of 75 Pa.C.S. § 1539(c) which specifically requires that suspensions based upon an admission to ARD must be counted. That being said, I nonetheless believe that the majority's interpretation of the sections involved renders meaningless the legislative mandate of 75 Pa.C.S. § 1537(b).

It is well settled that a statute should be interpreted in a manner as to give meaning to all sections if possible. 1

---

1. The record does not show that Moran's license was ever suspended for his first admission into ARD. Moran does not argue that the DOT's failure to prove an actual suspension negates that "suspension". Because Moran fails to claim that a non-suspension cannot be counted, I express no view on that question.

2. Violations of 75 Pa.C.S. § 3731 are specifically enumerated as offenses under 75 Pa.C.S. § 1532.

Pa.C.S. § 1921(a); 1 Pa.C.S. § 1922(2); *Jones v. Workmen's Compensation Appeal Board (Midland–Ross Corp.)*, 148 Pa.Commonwealth Ct. 593, 612 A.2d 570 (1992). I believe that Moran's present suspension for accumulation of points should be considered his *third;* by reducing his point total to zero and having it remain there for more than one year, *75 Pa.C.S. § 1537(b) requires that the suspension for accumulation of points in 1983 be erased as if it had never occurred.* Nonetheless, those suspensions that were for other than accumulation of points must still be considered. Thus, I believe that this suspension should be considered Moran's third for purposes of 75 Pa.C.S. § 1539(c). This interpretation accords meaning to all of the sections.

As Moran has set forth only one argument and as that argument is incorrect, this court has no choice but to affirm. Hence, this concurring opinion.