635 A.2d 239

Paul Dodds JOHNSON, Jr., Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted Oct. 22, 1993.

Decided Dec. 8, 1993.

Larry J. Puntureri, for appellant.

William A. Kuhar, Jr., Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Paul Dodds Johnson, Jr. (Licensee) appeals an order of the Court of Common Pleas of Beaver County (trial court) which dismissed Licensee's appeal of a one year suspension of his operating privileges pursuant to Section 1539 of the Vehicle Code (Code).[1] We affirm.

Licensee accumulated a total of seven points on his driving record for various violations. Accordingly, pursuant to Section 1538(a) of the Code,[2] Licensee underwent a special driver's examination. Licensee failed this exam and his operating privileges were suspended indefinitely on September 19, 1986. While Licensee's operating privileges were suspended for failing to pass the exam, Licensee also received a thirty day suspension for a DUI conviction, and five notices of license suspension under 75 Pa.C.S. § 1533 (failure to respond to a citation). The last of these suspensions occurred on October 31, 1987.

1. 75 Pa.C.S. § 1539, which provides in pertinent part:
   When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person. . . .

2. 75 Pa.C.S. § 1538, which provides:
   (a) **Initial accumulation of six points.**—When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing. Upon satisfactory attendance and completion of the course or upon passing the special examination, two points shall be removed from the person's record. Failure to attend and satisfactorily complete the requirements of driver improvement school shall result in suspension of such person's operating privilege for 60 days. Failure to pass the examination shall result in the suspension of the operating privilege until the examination has been satisfactorily completed.

Restoration of Licensee's operating privileges occurred November 29, 1989, when the Department of Transportation (DOT) modified Licensee's driving record to reflect a total of five points. Licensee's point total was later reduced to two points after Licensee had no violations for a one year period. Licensee was thereafter convicted for two separate speeding violations which added an additional nine points to his record. The additional points brought Licensee's point total to eleven and DOT suspended Licensee's operating privileges for one year, pursuant to the provisions of Section 1539 of the Code.

Licensee appealed the suspension to the trial court, arguing that DOT's calculation of the number of points on his driving record was incorrect. Specifically, Licensee argued that DOT did not remove any points from Licensee's driving record while Licensee's operating privileges were suspended.

After a *de novo* hearing, the trial court dismissed the appeal, concluding that DOT correctly calculated the number of points on Licensee's driving record, and that Licensee was not entitled to have points removed from his driver's record while his operating privileges were suspended.

The issue presented by Licensee on appeal [3] is whether a licensee, whose operating privileges are under suspension, is entitled to the removal of points from his driving record pursuant to Section 1537 of the Code.[4]

Licensee's argument focuses on the language of Section 1537 which provides:

(a) **General rule.**—Points recorded against any person shall be removed at the rate of three points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. Removal of points is governed by the date of violation.

**3.** Our scope of review in license suspension appeals is limited to a determination of whether the trial court committed an error of law or violated constitutional rights, or whether the trial court's findings of fact are supported by substantial evidence. *Department of Transportation v. Vesa,* 111 Pa. Commonwealth Ct. 140, 533 A.2d 521 (1987).

**4.** 75 Pa.C.S. § 1537.

Licensee argues that a licensee is entitled to the removal of points under Section 1537 regardless of whether a licensee has a valid or suspended license. Licensee claims that his point total should have been reduced from seven to zero because Licensee was violation-free for over a three year period beginning October 31, 1987, (following the last suspension of his operating privileges) to June 27, 1991. With his point total at zero, Licensee asserts that the two speeding violations only raised his point total to nine, not eleven, which is insufficient to trigger Section 1539.

We believe Licensee is mistaken with regard to which section of the Code is controlling. Section 1537 is a general section addressing the removal of points when a licensee completes a violation-free period of twelve months. Section 1537 does not address what happens to a licensee's driving record upon restoration of his operating privileges after a suspension. The section which addresses the point total on a licensee's driving record upon restoration of his driving privileges is Section 1545 of the Code.[5] Section 1545 provides:

Upon the restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points, except that any additional points assessed against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points unless the person has served an additional period of suspension or revocation pursuant to section 1544(a) (relating to additional period of revocation or suspension). This section shall not apply to section 1533 (relating to suspension of operating privilege for failure to respond to citation) or to 18 Pa.C.S. § 6310.4 (relating to restriction of operating privileges).

In interpreting Section 1545, we have held that the five points "are not five points left over from [the] previous conviction. They are five new points resulting solely from the suspension of his license. These points are totally unrelated

5. 75 Pa.C.S. § 1545.

to the number of points accumulated prior to the suspension." *Hamilton v. Commonwealth of Pennsylvania*, 97 Pa. Commonwealth Ct. 568, 572, 510 A.2d 857, 859 (1986).

Upon the restoration of Licensee's operating privileges, DOT amended Licensee's driving record, pursuant to Section 1545, to reflect a total of five points. These five points were new points, separate and totally unrelated to the points originally on Licensee's record. Any argument that the original points should have been reduced pursuant to Section 1537 is totally unrelated to the five new points and therefore, without merit. Thus, DOT correctly amended Licensee's driving record to show a total of five points as required by Section 1545 upon restoration of Licensee's operating privileges.

The subsequent removal of three points for a violation-free year and the assessment of nine points for the speeding violations brought Licensee's point total to eleven, triggering Section 1539. Therefore, we conclude that DOT correctly computed the number of points on Licensee's driving record, and properly suspended Licensee's operating privileges pursuant to Section 1539.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, December 8, 1993, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is affirmed.