**Jeffrey L. DARDOZZI**

v.

**COMMONWEALTH Of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 1995.

Decided June 8, 1995.

David R. White, Asst. Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Appellate Section, for appellant.

John B. Mancke, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Perry County (trial court) sustaining the statutory appeal of Jeffrey L. Dardozzi (Licensee) from a one-year operating privilege suspension imposed by DOT under 75 Pa. C.S. § 1539.[1]

The undisputed record here gives a full description of the events leading up to this appeal. As a result of Licensee's conviction for driving a vehicle while his operating privilege was suspended, Licensee's license was suspended as of February 5, 1991 for one year.[2] (R.R. at 27a.) On November 20, 1992, DOT restored Licensee's operating privilege from this suspension and assessed five points to his driving record as required by 75 Pa.C.S. § 1545.[3] (R.R. at 26a.)

---

1. 75 Pa.C.S. § 1539 provides in pertinent part:
 (a) **General rule.**—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).
 (b) **Duration of suspension.**—The first suspension shall be for a period of 5 days for each point, the second suspension shall be for a period of 10 days for each point, the third suspension shall be for a period of 15 days for each point and any subsequent suspension shall be for a period of one year.
 75 Pa.C.S. § 1539(a), (b).

2. 75 Pa.C.S. § 1543 provides in pertinent part:
 (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.
 . . . .
 (c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:
 (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for an additional one-year period. . . .
 75 Pa.C.S. § 1543(a), (c)(1).

3. 75 Pa.C.S. § 1545 governs the restoration of operating privileges and provides that:
 Upon the restoration of any person's operating privilege which has been suspended or revoked pursuant to this subchapter, such person's record shall show five points, except that any additional points assessed against the person since the date of the last violation resulting in the suspension or revocation shall be added to such five points unless the person has served an additional period of suspension or revocation pursuant to section 1544(a) (relating to additional period of revocation or suspension). This section shall not apply to section 1533 (relating to suspension of operating privilege for failure to respond to citation) or to 18

Almost one year later, on November 3, 1993, Licensee was cited for travelling 84 miles per hour in a 55 miles per hour zone, thus violating 75 Pa.C.S. § 3362.[4] As a result of this speeding violation, DOT assigned another five points to Licensee's driving record. Consequently, Licensee had accumulated a total of ten points on his driving record, requiring him to take a special driver's examination.[5] (R.R. at 22a, 23a.) On March 9, 1994, Licensee passed that exam and, as a result, DOT deducted two points from Licensee's point total, bringing that point total to eight points. (R.R. at 21a, 32a.) Then on April 1, 1994, Licensee again violated 75 Pa. C.S. § 3362 by travelling 77 miles per hour in a 55 miles per hour zone. (R.R. at 19a.) As a result of this violation, DOT assigned four points to Licensee's driving record, bringing his point total to 12. (R.R. at 17a.) Because Licensee had now accumulated 12 points, coupled with his prior suspensions and revocations of his operating privilege, DOT suspended Licensee's operating privilege for one year, pursuant to 75 Pa.C.S. § 1539. (R.R. at 17a, 31a, 32a.)

Licensee appealed that suspension to the trial court, arguing that because he did not have a motor vehicle violation between February 5, 1991 (the date of his last section 1543 offense) and November 3, 1993 (the date of his first section 3362 offense), which was a period of over two years, DOT was required to reduce Licensee's point total by three points for each violation free year.[6] As such, Licensee argued that the five points assigned to him on November 20, 1992, when his operating privilege was restored, should have been reduced to zero points by February 5, 1993, because he had been violation free for two years and the Motor Vehicle Code states that "[r]emoval of points is governed by the date of violation." 75 Pa.C.S. § 1537(a). The trial court agreed, recalculated Licensee's point total as six points and rescinded the one-year license suspension.

 DOT now appeals to this court[7] arguing that the trial court erred as a matter of law when it held that the operation of 75 Pa.C.S. § 1537 reduces the points which 75 Pa.C.S. § 1545 mandates must be shown on Licensee's driving record upon restoration of the operating privilege. Thus, the sole issue on appeal is whether the five points assessed upon the restoration of Licensee's operating privilege should be reduced from the date they were recorded or from February 5, 1991, the date of the last violation for which the five points were ultimately earned.

Pa.C.S. § 6310.4 (relating to restriction of operating privilege).

4. 75 Pa.C.S. § 3362 provides in pertinent part:
 Except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed), the limits specified in this subsection or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits:
 (1) 35 miles per hour in any urban district.
 (2) 55 miles per hour in other locations.
 (3) Any other maximum speed limit established under this subchapter....
 75 Pa.C.S. § 3362(a).

5. 75 Pa.C.S. § 1538(a) (emphasis added) provides that:
 When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school *or* undergo a special examination and shall so notify the person in writing. Upon satisfactory attendance and completion of the course or upon passing the special examination, two points shall be removed from the person's record. Failure to

attend and satisfactorily complete the requirements of driver improvement school shall result in the suspension of such person's operating privilege for 60 days. Failure to pass the examination shall result in the suspension of the operating privilege until the examination has been satisfactorily completed.

6. 75 Pa.C.S. § 1537 provides in pertinent part:
 Points recorded against any person shall be removed at the rate of three points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. *Removal of points is governed by the date of violation.*
 75 Pa.C.S. § 1537(a) (emphasis added).

7. Our scope of review in license suspension appeals is limited to determining whether the trial court's findings of fact are supported by *substantial* evidence, whether the trial court committed an error of law or whether the trial court violated constitutional rights. *Johnson v. Department of Transportation, Bureau of Driver Licensing,* 160 Pa.Commonwealth Ct. 452, 635 A.2d 239 (1993).

75 Pa.C.S. § 1537(a) provides for the removal of points from the date of violation. Licensee argues that because he committed the violation that ultimately lead to the suspension under 75 Pa.C.S. § 1543 on February 5, 1991 and then went two years without another violation, he was entitled to a three point reduction, pursuant to section 1537(a), on both February 5, 1992 and February 5, 1993. Licensee further argues that these six points had to be subtracted from the five points that DOT had assessed to his driving record pursuant to section 1545 on November 20, 1992. However, DOT believes that section 1545 requires five points to be represented on Licensee's driving record as of November 20, 1992 and that section 1537's directive to remove points as of the date of violation does not apply to section 1545.

Points assessed under section 1545 come into existence *and* are shown on a licensee's driving record as of the *date of restoration.* See *Johnson v. Department of Transporta-tion, Bureau of Driver Licensing,* 160 Pa.Commonwealth Ct. 452, 635 A.2d 239 (1993). Thus, because those points are a direct result of and in *addition* to the suspension given for the violation, credit for a violation free year may not be given prior to the entry of the section 1545 points. The statute is clear and unambiguous. Accordingly, although Licensee had a violation free year from February 5, 1991 to February 5, 1992, because he had no accumulated points against his record at that time, he could not benefit from the provisions of section 1537 at that time.

For these reasons, the trial court did not err as a matter of law in holding that Licensee is entitled to the deduction of six points for going violation free for two years. However, upon reviewing Licensee's driving record, we note that the trial court did err in its ultimate calculation.[8] The correct method of calculation is as follows:

| DATE | OFFENSE/EVENT | ACTION | POINT TOTAL |
| --- | --- | --- | --- |
| Feb. 5, 1991 | Section 1543 violation | 1 year suspension | 0 points |
| Feb. 5, 1992 | First year violation free | 3 points removed | 0 points |
| Nov. 20, 1992 | Restoration of License | 5 points assessed | 5 points |
| Feb. 5, 1993 | Second year violation free | 3 points removed | 2 points |
| Nov. 3, 1993 | Section 3362 violation | 5 points assessed | 7 points |
| Mar. 9, 1994 | Passed Special Examination | 2 points removed | 5 points |
| Apr. 1, 1994 | Section 3362 violation | 4 points assessed | 9 points |

However, because this point total is still below the twelve points necessary to sustaining Licensee's suspension here, we affirm the trial court's order rescinding the one-year operating privilege suspension, but modify its order to indicate the correct calculation of points as indicated above.

8. The trial court determination differs by one point due to the trial court's method of adding the points. The trial court awarded the six point

*ORDER*

AND NOW, this 8th day of June, 1995, the order of the Court of Common Pleas of Perry County, date August 29, 1994, at No. 94–469, is hereby AFFIRMED; however, we MODIFY the trial court's order to indicate that the

credit without regard to the date the credit was earned.

correct amount of points presently assessed against Licensee here is nine.