

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2006

# Kepoint Preservation v. Fisher

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kepoint Preservation v. Fisher" (2006). *2006 Decisions.* Paper 1325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3455
_____

**KEPOINT PRESERVATION TRUST
ORG., BY AND THROUGH J. BROWN,
JOINT TENANT TRUSTEE

v.

D. MICHAEL FISHER, INDIVIDUAL;
COMMONWEALTH OF PA;
COMMONWEALTH OF PA DEPARTMENT OF
REVENUE BUREAU OF INDIVIDUAL TAXES;
COMMONWEALTH OF PA BOARD OF
FINANCE AND REVENUE; COMMONWEALTH OF PA
DEPARTMENT OF REVENUE BOARD OF APPEALS;
THE TAX CLAIM BUREAU COURT HOUSE;
EDWARD W. GILLESPIE, TRAPPE BORO TAX
COLLECTOR; COUNTY OF MONTGOMERY
RECORDER OF DEEDS

*S. James Brown,

Appellant

*(Pursuant to Rule 12(a), F.R.A.P.)

**(Dismissed Per Clerk's Order of 9/16/04)

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 00-04564)
District Judge: Honorable Mary A. McLaughlin
_____

BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES

(Filed:   April 4, 2006)

_____

OPINION

_____

PER CURIAM

S. James Brown, as the "Joint Tenant Trustee" acting on behalf of Kepoint

Preservation Trust, an "independant, unincorporated, private inter vivos trust

organization," filed a complaint in the U.S. District Court for the Eastern District of

Pennsylvania, claiming that the imposition of state taxes after real estate was transferred

from an individual to the trust violated the Contracts Clause, U.S. Const. Art. I, § 10, cl.1,

and Pennsylvania law.  The District Court dismissed the claims against most Defendants

on the basis of Eleventh Amendment immunity, the Tax Injunction Act, and its discretion

to decline to hear state law claims under 28 U.S.C. § 1367(c).  We affirmed that order to

the extent that S. James Brown ("Brown") was a party to the action below and was an

appellant in his own right, although we dismissed Kepoint Preservation Trust as an

appellant because Brown had not obtained counsel for it. *See Kepoint Preservation Trust

v. Fisher*, No. 01-3708 (3d Cir. July 3, 2002).

The Montgomery County Recorder of Deeds and the Montgomery County Tax

2

Claim Bureau ("Tax Claim Bureau"), neither of whom had responded to the suit by the time that the first appeal was filed, remained in the case. Brown voluntarily dismissed the claims against the Montgomery County Recorder of Deeds. As an individual and as the "Joint Tenant Trustee" of Kepoint Preservation Trust, a "private trust agreement," Brown then filed an amended complaint against the Tax Claim Bureau. In the amended complaint, Brown maintained his constitutional claims, although he complained about the unconstitutionality of a different state tax (Pennsylvania's General County Assessment Law, 72 P.S. § 5020-101 *et seq.*), and omitted the state law claim. On the Tax Claim Bureau's motion, the District Court dismissed the amended complaint. Brown appeals,[1] and the Tax Claim Bureau moves for summary affirmance and for just damages and double costs. For the reasons set forth below, we will affirm.

The Tax Claim Bureau questions Brown's standing. Brown, however, is the real party in interest who claims an injury to his right to contract caused by tax collection efforts, including the threat of the sale of his home, which could be redressed if a court ruled in his favor.

Although Brown has standing, he does not have a meritorious appeal because most of the reasons for the dismissal of his earlier claims apply equally here. Specifically, as we and the District Court have previously explained, the Tax Injunction Act bars the injunctive and declaratory relief sought, *see California v. Grace Brethren Church*, 457

---

[1]Kepoint Preservation Trust, dismissed for want of prosecution, *see* L.A.R. 107.2, is no longer a party to this appeal.

U.S. 393, 408 (1982), and "the free-standing principle of comity" bars damages, *Wright v. Pappas*, 256 F.3d 635, 637 (7th Cir. 2001). Furthermore, the *Rooker-Feldman* doctrine bars review of his claims because Pennsylvania court rulings (that the Pennsylvania Board of Assessment Appeals is the exclusive forum for Brown's claims), in the state court suit that Brown filed after his last federal appeal, are inextricably intertwined with Brown's federal suit. Therefore, the order of the District Court will be affirmed.

In addition, the Tax Claim Bureau's motion for just damages and double costs pursuant to Federal Rule of Appellate Procedure 38 will be granted. We may award damages under Rule 38 when an appeal is "wholly without merit." *See Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993). Previously, we affirmed the dismissal of claims similar to those at issue here. Even though Brown protested a different state tax in his amended complaint, his arguments and their refutations remain the same. In addition, since his last appeal, the Pennsylvania state courts have also dismissed his related claims. For these reasons, and after consideration of what amount would equitably compensate the Tax Claim Bureau, *see Beam v. Bauer*, 338 F.3d 106, 108-09 (3d Cir. 2004), we will award Rule 38 damages in the amount of $1,500.00. Costs will be taxed against the Appellant.