S. James BROWN, both individually and Joint Tenant Trustee with the right of survivorship, Appellant

v.

MONTGOMERY COUNTY, Montgomery County Board of Assessment, Nicholas A. Teti, individual and official, Dennis J. Sharkey, individual and official, Julia A. Cooper, individual and official, Montgomery County Tax Claim Bureau, Borough of Trappe, Edward W. Gillespie, Tax Collector for the Borough of Trappe, and as an individual, Perkiomen Valley School District.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 2006.
Decided Feb. 21, 2007.
Reargument Denied April 16, 2007.

S. James Brown, appellant, pro se.

Philip W. Newcomer, Norristown, for appellees, Montgomery County, Montgomery County Board of Assessment, Nicholas A. Teti, Dennis J. Sharkey, Julia A. Cooper, and Montgomery County Tax Claim Bureau.

Joshua M. Hummel, Lansdale, for appellee, Perkiomen Valley School District.

Gregory W. Fox, Lansdale, for appellees, Edward W. Gillespie and Borough of Trappe.

BEFORE: COLINS, President Judge, SIMPSON, Judge and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Samuel James Brown, III (Brown) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) dismissing with prejudice his complaint filed under 42 U.S.C. § 1983. Brown filed his action to obtain declaratory and injunctive relief as well as monetary damages from Montgomery County, its Board of Assessment Appeals, its Tax Claim Bureau, its Tax Collector, their individual employees,[1] the Borough of Trappe and the Perkiomen Valley School District (collectively, Taxing Authorities), claiming that they have violated his federal constitutional rights by taxing certain real property located in Montgomery County. The trial court dismissed the complaint for the principal reason that Section 1983 was not the proper vehicle for pursuing these claims; rather, Brown was required to pursue them in accordance with the procedures prescribed by state law. We affirm the trial court and, because Brown's appeal is frivolous, we award attorney fees to the Taxing Authorities.

The background to this appeal follows. In 1997, Brown entered into a trust agreement that created the Kepoint Preservation Trust (Trust) and named Brown, his mother and his brother as joint trustees. The Trust named Brown's father and great aunt as beneficiaries. The Trust declaration is absent of any particular purpose, charitable or otherwise. The sole corpus of the Trust is a home located at 371 West Main Street, Trappe, Pennsylvania (Property), where Brown resides. Brown believes that the Property is immune from taxation[2] by reason of the Contract Clause of the United States Con-

---

1. Appellant has not appealed the dismissal of his claims against the individual defendants.

2. Appellant claims that by placing the property in trust, he has "placed the property in the one stage of its ownership not to be taxable within the jurisdiction of the United States." Reproduced Record at 3 (R.R. ——).

stitution. U.S. Const., Art. I, § 10.[3] On October 13, 2005, Brown filed the instant Section 1983 action individually and in his capacity as joint trustee to vindicate his putative federal constitutional rights.

This is not the first Section 1983 action Brown has filed to pursue this legal theory. In 2003, Brown filed an identical action to challenge taxes imposed on the Property from 1997 through 2003, and it was dismissed. The trial court, by Honorable Thomas C. Branca, held that the failure to follow the statutory procedures set forth in The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–1–5020–602 (Assessment Law), barred Brown's ability to pursue his challenge in a Section 1983 action. *Brown v. Montgomery County*, No. 03–04688, slip op. at 4 (C.P.Pa.Montg. Co., July 25, 2003). Brown then appealed to this Court, which affirmed *per curiam*. *Brown v. Montgomery County*, 845 A.2d 268 (Pa.Cmwlth.2004). This was followed by Brown's petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on January 25, 2005. *Brown v. Montgomery County*, 582 Pa. 678, 868 A.2d 1202 (2005). Brown then filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on June 27, 2005. *Brown v.*

*Montgomery County, Pa.*, 545 U.S. 1140, 125 S.Ct. 2970, 162 L.Ed.2d 889 (2005).

On July 26, 2004, Brown filed a new Section 1983 action against the Taxing Authorities, this time in federal court. Once again Brown asserted that by taxing the Trust's Property, the Taxing Authorities had violated his rights under the Contract Clause. On August 17, 2004, the U.S. District Court dismissed the action, and Brown appealed.[4]

At that point, Brown requested the Montgomery County Board of Assessment Appeals (Board) to exempt the Property from real estate taxes for tax year 2006. He also appealed the Property's real estate taxes for tax years 1997 to 2005 on a *nunc pro tunc* basis. On September 8, 2005, after a hearing, the Board denied Brown's exemption request for 2006 and denied Brown's request for a *nunc pro tunc* appeal of the taxes paid on the Property from 1997 to 2005.

Instead of appealing the Board's order to the trial court, Brown commenced the instant Section 1983 action on October 13, 2005. In this action, Brown asserted the same claims raised in his 2003 state court action and in his 2004 federal court action, *i.e.*, that his rights protected by the Contract Clause have been violated. The Taxing Authorities filed preliminary objections, and on March 10, 2006, the trial

**3.** It states, as follows:

*No State shall* enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; *pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts*, or grant any Title of Nobility. U.S. Const., art. I, § 10 (emphasis added).

**4.** The U.S. Court of Appeals for the Third Circuit affirmed, holding, *inter alia*, that federal court review of the matter was barred because of the ruling in Brown's prior state court suit that the "Board of Assessment Ap-

peals is the exclusive forum for Brown's claims." *Kepoint Preservation Trust Org. ex rel. Brown v. Fisher*, 173 Fed.Appx. 191, 194 (3d Cir.2006) (not precedential). The Third Circuit went on to sanction Brown for an appeal that was "wholly without merit" and awarded the Montgomery County Tax Claim Bureau $1,500 in damages. *Id.* Brown then petitioned the United States Supreme Court for a writ of certiorari to review the Third Circuit's decision, but it was denied on October, 10, 2006. *Brown v. Montgomery County Tax Claim Bureau*, —— U.S. ——, 127 S.Ct. 413, —— L.Ed.2d —— (2006).

court, by Honorable Joseph A. Smyth, dismissed the case with prejudice. However, the trial court denied the Taxing Authorities' motion for sanctions.

In its July 31, 2006, opinion, the trial court explained that it dismissed Brown's Section 1983 action because, once again, he failed to follow the prescribed statutory procedure for tax challenges. The trial court rejected Brown's assertion that the remedies provided by the Assessment Law were inadequate to provide redress on his constitutional claims. In any case, the trial court rejected Brown's Contract Clause claim as devoid of any merit. With respect to the Taxing Authorities' motion for sanctions, the trial court explained that it had been denied

> in the hope [that] Brown would take the motions as fair warning that he could suffer monetary penalties for persisting with his tax appeal when this Court had previously rejected an almost identical tax challenge and three levels of appellate courts had refused to overturn our decision.

Trial Court Opinion, July 31, 2006, at 4. This hope was dashed, causing the trial court to conclude that it should have granted the Taxing Authorities' motion for sanctions. It urges this Court to sanction Brown under PA. R.A.P. 2744. *Id.* at 14.

On appeal, Brown raises four issues in the Statement of Questions portion of his brief.[5] For purposes of clarity, we restate Brown's four issues as three: (1) Whether Congress intended Section 1983 to provide a vehicle for taxpayers to challenge state taxes on federal constitutional grounds where state law provides a procedure for pursuing that legal theory; (2) Whether Brown's Section 1983 action stated a meritorious claim under the Contract Clause of the United States Constitution; and (3) Whether this Court should impose sanctions for a frivolous appeal where the trial court denied the Taxing Authorities' motion for sanctions for the same conduct. For purposes of this opinion, we will be guided by the above-listed three issues.

We consider, first, whether Brown can use the vehicle of a Section 1983 action to pursue his claim that taxation of the Property is unconstitutional by reason of the Contract Clause. Brown asserts that his statutory remedy is inadequate because the Board cannot adjudicate his constitutional claims. Therefore, he argues that once the Board denied his tax exemption request, he was free to file a claim under 42 U.S.C. § 1983. The Taxing Authorities rejoin that the Board was able to adjudicate his constitutional theory and any other theory he might posit as a reason for his request for a real estate tax exemption.

---

5. Brown's Statement of Questions Presented are as follows:

  1. Whether Pennsylvania's General County Assessment Law supercedes the original jurisdiction of common pleas courts over Federal Contract Clause claims commenced pursuant to 42 U.S.C. § 1983.

  2. Whether the state-granted right of appeal to the Montgomery County Board of Assessment Appeals constitutes a "plain, adequate, and complete" remedy equivalent to that provided by Congress under 42 U.S.C. § 1983 in which to adjudicate any federal constitutional issue, including substantive Federal Contract Clause

claims, and, therefore, protect all Appellants' federal rights.

  3. Whether Appellant Brown's Complaint is clearly sufficient to establish a claim upon which relief can be granted.

  4. Whether sanctions may be imposed against an unrepresented section 1983 litigant under Pa. R.App. 2744 at the request of the trial judge when the same judge himself denied the defendants' motions for sanctions pursuant to Pa. R. Civ. P. 1023.1–1023.2.

Appellant's Brief at 3. Issue 3 is too conclusory to state an issue, and issues 1 and 2 are repetitive.

We begin with a review of the relevant case law. *National Private Truck Council, Inc. v. Oklahoma Tax Commission,* 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), established that Section 1983 was not intended as a vehicle to challenge the constitutionality of state taxes where state law provides an adequate remedy. Since 1937, the Tax Injunction Act, 28 U.S.C. § 1341,[6] has prevented federal courts from issuing declaratory and injunctive relief under Section 1983 where a state tax was asserted to be unconstitutional. The question presented in *National Private Truck Council* was whether such relief could be sought in state court under Section 1983.[7] The Supreme Court settled the question in the negative. It concluded that Congress did not intend Section 1983 to provide a vehicle for challenging a state tax in either state or federal court where there exists "an adequate remedy at law." *National Private Truck Council,* 515 U.S. at 588, 115 S.Ct. 2351.

*National Private Truck Council* began in Oklahoma state court as a class action suit challenging certain state taxes as violative of the dormant Commerce Clause. The Oklahoma Supreme Court found in favor of the taxpayers and ordered the taxing authority defendants to make refunds in accordance with the applicable state law. *Private Truck Council of America, Inc. v. Oklahoma Tax Commission,* 806 P.2d 598, 610 (Okla.1990). How-

ever, the Court denied the taxpayers attorney fees under 42 U.S.C. §§ 1983, 1988, holding that there was no right to vindicate a commerce clause claim under Section 1983. *Id.* The United States Supreme Court vacated the judgment and remanded the matter for further consideration in light of its intervening holding that Section 1983 could be used to litigate a commerce clause claim. *National Private Truck Council Inc., v. Oklahoma Tax Commission,* 501 U.S. 1247, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991). On remand, the Oklahoma Supreme Court stood by its prior judgment but for a different reason. This time the Court held that as a matter of federalism and comity, "a state court should not give relief that a federal court sitting in the same state could not give." *Private Truck Council of America, Inc. v. Oklahoma Tax Commission,* 879 P.2d 137, 141 (Okla.1994).

The U.S. Supreme Court affirmed the second judgment of the Oklahoma Supreme Court. Acknowledging the long standing principle that federal courts should not disrupt a state's system of tax administration, the Court construed Section 1983 narrowly. It held that Congress did not intend Section 1983 to provide a vehicle to challenge state taxes, in either state or federal court, where state law provided an adequate remedy, as did Oklahoma law.[8] To decide whether a remedy

---

**6.** It states:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.
28 U.S.C. § 1341.

**7.** It had already been determined that a Section 1983 action did not lie in state court to seek compensatory damages in the form of tax refunds. *National Private Truck Council,* 515 U.S. at 588, n. 5, 115 S.Ct. 2351. In *Fair Assessment in Real Estate Assn., Inc. v.*

*McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) the Supreme Court held that taxpayers could not bring Section 1983 damage actions in federal court to challenge a state tax. It concluded that "taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court." *Id.*

**8.** The Supreme Court did not eliminate any possibility of using a Section 1983 action to challenge state taxes. *National Private Truck*

is adequate, the Supreme Court offered the following guidance:

[S]tates are afforded great flexibility in satisfying the requirements of due process in the field of taxation. As long as state law provides a 'clear and certain remedy,'... the States may determine whether to provide predeprivation process (*e.g.*, an injunction) or instead to afford postdeprivation relief (*e.g.*, a refund).

*National Private Truck Council*, 515 U.S. at 587, 115 S.Ct. 2351 (citations omitted).

█ Thereafter, this Court was called upon to consider whether The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§ 5453.101–5453.706, provided an adequate remedy at law within the meaning of *National Private Truck Council*. We held that it did. *Jordan v. Fayette County Board of Assessment Appeals*, 782 A.2d 642 (Pa.Cmwlth.2001). We so held because Pennsylvania taxpayers have a statutory right to appeal a tax to a county board of assessment appeals; have a guaranteed *de novo* appeal to a court of common pleas; a guaranteed appeal to this Court; and may seek another appeal from our Supreme Court. *Id.* at 644. In addition, where taxes are found to have been imposed erroneously, refunds may be obtained. *Id.* at 645. Concluding that these statutory remedies were adequate to provide taxpayers redress for the payment of taxes found not to be owed, we held that the taxpayers could not proceed under Section 1983.

*Jordan* is binding precedent.[9] The procedures available to the taxpayers in *Jordan* are available to Brown. However, Brown raises an issue not specifically addressed in *Jordan*. Brown asserts that because the Board cannot adjudicate "the validity of the statute imposing the tax in this case," the Assessment Law remedy is not adequate. Complaint, ¶ 23; R.R. 9–10.

It is true that state and local agencies charged with the enforcement of a statute lack the competency to change that statute or to decide that it is unconstitutional. 3 Koch, ADMINISTRATIVE LAW AND PRACTICE, § 13.22[5] (2d ed. 1997); 1 PENNSYLVANIA LAW ENCYCLOPEDIA, "Administrative Law and Procedure," § 32 (2d ed. 1998).[10] This truism, however, does not excuse the litigant from strictly pursuing the statutory procedure. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 6, 383 A.2d 791, 793 (1977); 1 Pa.C.S. § 1504 (mandating that statutory remedies "shall be strictly pursued."). Any person aggrieved by a local agency adjudication "shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals." 2 Pa.C.S. § 752. The appellant may raise the "validity of the statute" on appeal but "such party may not raise upon appeal any other question not raised before the agency (*notwithstanding the fact that the agency may not be competent to resolve such question*) unless allowed by the court upon due cause shown." 2 Pa.C.S. § 753(a) (emphasis added).

In short, the statutory procedures provided in the Local Agency Law and in the

---

*Council*, 515 U.S. at 588, 115 S.Ct. 2351. For example, should a state refuse to give a refund in spite of a final state court judgment in favor of the taxpayer, a Section 1983 action might provide a vehicle for relief.

**9.** It was The Fourth to Eighth Class County Assessment Law that was at issue in *Jordan*, but we also held that "where not inconsistent" the remedies provided in the Assess-

ment Law are also "adequate." *Id.* at 644. There is no material inconsistency.

**10.** It goes without saying, however, that an agency can interpret the statute it must enforce and should do so in a way that is consistent with the demands of applicable constitutional principles.

Assessment Law give Brown the vehicle for protecting his federal constitutional rights. It is of no moment that the Board cannot invalidate the Assessment Law because a court of common pleas, to which an appeal is guaranteed, can do so. The statutory scheme, which includes both an administrative hearing and judicial review, gives Brown the vehicle to have the Assessment Law declared unconstitutional by reason of the Contract Clause or any other clause of the U.S. Constitution.

■■■ *National Private Truck Council,* 515 U.S. at 587, 115 S.Ct. 2351, affirmed the right of the states to establish how their state taxes will be litigated. It is not required that the state system include a "predeprivation process," such as an injunction, as long as "postdeprivation relief" in the form of a refund is available. The Assessment Law does not provide a predeprivation process, but it does provide postdeprivation relief. Accordingly, the Assessment Law provides the "clear and certain remedy" identified in *National Private Truck Council* as the bar to the taxpayer's use of a Section 1983 action in state court. Further, as a matter of state common law, our courts may exercise equitable jurisdiction to hear a facial challenge to a statute's constitutionality. *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 276, 328 A.2d 819, 823 (1974). In sum, Pennsylvania law provides a full panoply of remedies to a taxpayer aggrieved by a tax imposed under the Assessment Law, and, thus, a Section 1983 action is not available to challenge taxes imposed thereunder.[11]

■■ Finally, we consider whether Brown should be sanctioned by this Court pursuant to PA. R.A.P. 2744, as recommended by the trial court. Rule 2744 provides as follows:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> (1) a reasonable counsel fee and
>
> (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

PA. R.A.P. 2744. Delay damages are not an issue in this case. The question is whether a "reasonable counsel fee" should be imposed.

■■ An appeal is "frivolous" within the meaning of PA. R.A.P. 2744 if it presents no justiciable question and is readily recognizable as devoid of merit in that there is little prospect of success. *Commonwealth of Pennsylvania, Dept. of Transp. Bureau of Driver Licensing v. Moran,* 159 Pa.Cmwlth. 655, 634 A.2d 677, 679 (1993). Further, where the appellant presents no legal authority to defeat applicable case law that controls the outcome of his case, the appeal is frivolous. *Hewitt v. Commonwealth,* 116 Pa.Cmwlth. 413, 541 A.2d 1183, 1184–1185 (1988).

Brown relentlessly pursued a Section 1983 claim instead of the statutory procedures in the Assessment Law and raised a

---

**11.** Because we dismiss Brown's Section 1983 action as absolutely barred, we need not address the merits of the Contract Clause argument Brown sought to have vindicated in his Section 1983 action.

meritless Contract Clause tax exemption theory. In some instances, Brown cites no authority for his legal positions or does so improperly.[12] We agree with the trial court that Brown's "reckless citation of legal authority for propositions for which it does not stand, is dilatory, obdurate, and vexatious conduct within the meaning of rule 2744." Trial Court Opinion, July 31, 2006, at 13. Brown has received several rulings that: (1) a Section 1983 action was not the vehicle for challenging state real estate taxes imposed on the Property and (2) his Contract Clause theory lacked any merit. In spite of this history, Brown relentlessly pursued a meritless claim using the wrong procedure. *See Miller v. Nelson,* 768 A.2d 858, 862 (Pa.Super.2001) ("The relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees."). Accordingly, we hold that an award of reasonable counsel fees should be imposed pursuant to PA. R.A.P. 2744.

For these reasons, the order of the trial court is affirmed, and this matter is remanded to the trial court to determine the appropriate sanctions under PA. R.A.P. 2744.

### ORDER

AND NOW, this 21st day of February, 2007, the order of the Court of Common Pleas of Montgomery County, dated March 10, 2006, is hereby affirmed. Pursuant to PA. R.A.P. 2744, this case is remanded to the Court of Common Pleas of Montgomery County for a determina-

tion of sanctions in accordance with the attached opinion.

Jurisdiction relinquished.

---

12. For instance, Brown concedes that "there is no case directly on point" to support his claim that the Trust shields the Property from taxation or that the Contract Clause requires this result. Appellant's Brief at 11. Brown never explains how the Contract Clause has any relevance to his exemption request. The Contract Clause prohibits the passage of statutes that impair existing contracts. Here, the Assessment Law long antedates the creation of the Trust.