# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Brown III, natural person, :
and as Joint Tenant Trustee with :
the right of survivorship, :
                              Appellant :
 :
            v. : No. 839 C.D. 2015
 : Submitted: November 20, 2015
Commonwealth of Pennsylvania :
Department of Revenue Bureau :
of Individual Taxes, Megan Swisher, :
and Daniel P. Meuser :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: December 23, 2015

In this, his third appeal to this Court, Samuel Brown III (Brown), representing himself, asks whether the Court of Common Pleas of Montgomery County (trial court) erred in sustaining the preliminary objections filed by the Commonwealth of Pennsylvania Department of Revenue, Bureau of Individual Taxes, Megan Swisher, Director of the Bureau of Individual Taxes, and Daniel P. Meuser, former Secretary of Revenue (collectively, the Department) and dismissing Brown's complaint with prejudice. Brown filed his complaint under 42 U.S.C. §1983, seeking injunctive and declaratory relief as well as monetary damages against the Department alleging it violated his federal constitutional rights by imposing a realty transfer tax. After review, we affirm on the basis of the trial court's opinion.

This matter has a lengthy procedural and factual background. Relevant here, in February 1997, Brown irrevocably assigned his ownership rights in certain realty, in trust, to R. Craig Brown, a straw party. Compl. at ¶9; Reproduced Record (R.R.) at 16. The real property, located at 371 West Main Street, Trappe (the property), formed the sole corpus of the Trust. Compl. at ¶¶1, 5, 9; R.R. at 13, 15, 16; Brown v. Montgomery Cnty., 918 A.2d 802 (Pa. Cmwlth. 2007). The trust agreement created the Kepoint Preservation Trust (Trust). Compl. at ¶9; R.R. at 16. Apparently, Brown resides on the property.

In May 1997, the Department of Revenue, Bureau of Individual Taxes issued a Realty Transfer Tax Notice of Determination providing that the transfer of the property was subject to $1,612.69 in realty transfer taxes, plus applicable interest, and it notified R. Craig Brown. Compl. at ¶12, Ex. A; R.R. at 17, 26. The Trust filed a petition for redetermination with the Department's Board of Appeals; however, the Board of Appeals upheld the Bureau's determination. Compl. at ¶¶13-15; R.R. at 5. The Board of Appeals' decision stated an appeal could be filed with the Board of Finance and Revenue within 90 days of the mailing date of the decision. Compl. at ¶15; R.R. at 17. Brown does not aver he pursued this option.[1] Tr. Ct., Slip Op., 7/16/15, at 2; Compl. at ¶19; R.R. at 17-18.

Instead, Brown alleges, in 2000, he filed suit in the U.S. District Court for the Eastern District of Pennsylvania challenging, among other things, the Department's imposition of the realty transfer tax. Compl. at ¶19; R.R. at 17-18;

---

[1] To that end, in his complaint, his answer to the Department's preliminary objections, his supporting memorandum of law and his brief to this Court, Brown makes no assertion that he pursued this option.

Department's Prelim. Objections, Ex. C; R.R. at 95. He sought monetary, declaratory and injunctive relief for alleged constitutional and statutory violations, including an alleged violation of his rights under the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. §1983. Department's Prelim. Objections, Ex. C; R.R. at 91-98. He named the Commonwealth of Pennsylvania, the Department of Revenue, Bureau of Individual Taxes, the Board of Finance and Revenue, the Department of Revenue Board of Appeals (collectively, State Defendants), the Montgomery County Tax Claim Bureau, the Trappe Borough Tax Collector, and the Montgomery County Recorder of Deeds as defendants. Id.

In December 2000, the District Court granted a motion to dismiss Brown's complaint filed by State Defendants on the basis of the Eleventh Amendment to the U.S. Constitution and the federal Tax Injunction Act.[2] See Department's Prelim. Objections, Ex. D; R.R. at 99-101.[3] Brown appealed, and the Third Circuit Court of Appeals affirmed in a per curiam opinion. Id. at Ex. E; R.R. at 102-06. Thereafter, the District Court dismissed Brown's suit against the Montgomery County Tax Claim Bureau.[4] On Brown's appeal, the Third Circuit affirmed; it also sanctioned Brown $1,500 for an appeal that was "wholly without merit." Kepoint Pres. Trust Org. v. Fisher, 173 F. App'x 191, 194 (3d Cir.), cert. denied, 549 U.S. 955 (2006).

---

[2] The Tax Injunction Act of 1937, 28 U.S.C. §1341, prohibits federal courts from enjoining the collection of any state tax where a plain, speedy and efficient remedy may be had in the courts of such state. Murtagh v. Cnty. of Berks, 715 A.2d 548 (Pa. Cmwlth. 1998).

[3] The District Court subsequently dismissed Brown's claim against the Trappe Borough Tax Collector.

[4] Brown voluntarily dismissed the suit as to the Montgomery County Recorder of Deeds.

3

In 2003, Brown filed a state court action in the trial court, challenging real estate taxes imposed on the property from 1997 to 2003. See Department's Prelim. Objections, Ex. G; R.R. at 110-120. In this suit, Brown asserted claims under 42 U.S.C. §1983, alleging a violation of the Due Process and Equal Protection Clauses of the U.S. Constitution. Id. Ultimately, the trial court held that Brown failed to avail himself of available administrative procedures for obtaining a tax exemption by filing an appeal with the county board of assessment appeals. See Department's Prelim. Objections, Ex. H; R.R. at 121-26. Because Brown did not exhaust his administrative remedies, the trial court concluded it lacked jurisdiction to entertain Brown's complaint or his request for injunctive relief. Id. Thus, it dismissed the complaint. Id. Brown appealed to this Court.

In an unreported per curiam opinion, this Court affirmed on the basis of the trial court's opinion. Brown v. Montgomery Cnty. (Pa. Cmwlth., No. 1317 C.D. 2003, filed March 15, 2004) (unreported), appeal denied, 868 A.2d 1202 (Pa. 2005), cert. denied, 545 U.S. 1140 (2005); R.R. at 127-29.

In October 2005, Brown again filed suit under 42 U.S.C. §1983 in the trial court, asserting the local taxing authorities violated his rights under the Contract Clause to the U.S. Constitution[5] by imposing real estate taxes on the property. See Brown v. Montgomery Cnty., 918 A.2d 802 (Pa. Cmwlth. 2007). The taxing authorities filed preliminary objections, which the trial court sustained, and the case was dismissed with prejudice. Id. The trial court dismissed Brown's Section 1983 action on the ground that, once again, Brown did not follow the

---

[5] See U.S. CONST. art. I, §10.

4

prescribed statutory procedure for tax challenges. Id. Brown again appealed to this Court. Id.

On appeal, we considered whether Brown could use the vehicle of a Section 1983 action to pursue his claim that taxation of the property was unconstitutional. Id. Brown asserted that the statutory remedy was inadequate because the county board of assessment appeals could not adjudicate his constitutional claims. Id. He further argued that once the board of assessment appeals denied his request for a tax exemption, he was free to file a claim under Section 1983. Id. Rejecting Brown's first argument, we explained:

> [T]he statutory procedures provided in the Local Agency Law[6] and in the [General County Assessment Law[7] (Assessment Law)] give Brown the vehicle for protecting his federal constitutional rights. It is of no moment that the [b]oard cannot invalidate the Assessment Law because a court of common pleas, to which an appeal is guaranteed, can do so. The statutory scheme, which includes both an administrative hearing and judicial review, gives Brown the vehicle to have the Assessment Law declared unconstitutional by reason of the Contract Clause or any other clause of the U.S. Constitution.

Id. at 807-08. Additionally, we determined, because Pennsylvania law provides the full panoply of remedies to a taxpayer aggrieved by a tax imposed under the Assessment Law, a Section 1983 action was not available to challenge taxes imposed under that statute. We further held that Brown's appeal was frivolous; as such, we remanded for a determination of sanctions. Id. at 808-09.

---

[6] 2 Pa. C.S. §§551-555, 751-754.

[7] Act of May 22, 1933, P.L. 853, as amended, 72 P.S. §§ 5020-1–5020-602.

In January 2014, Brown filed the suit at issue here, a complaint under Section 1983,[8] alleging the Department violated his rights under the Fourteenth Amendment to the U.S. Constitution "by imposing transfer tax obligations upon a private trust document" contrary to "federal constitutional restrictions." Compl. at ¶1; R.R. at 13. He sought declaratory and injunctive relief as well as monetary damages. In response, the Department filed preliminary objections. Ultimately, the trial court sustained the preliminary objections and dismissed Brown's complaint with prejudice.

More particularly, the trial court explained, the sole legal basis for Brown's complaint was 42 U.S.C. §1983, a federal statute. See, e.g., Kowenhoven v. Cnty. of Allegheny, 901 A.2d 1003, 1014 n.11 (Pa. 2006) ("Section 1983 is a federal law that, in the taxation context, has the potential to interfere with the states' governmental operations by disrupting their revenues."). Because Brown has adequate state statutory remedies available, the trial court concluded, he could not use Section 1983 to pursue his claim that the imposition of the realty transfer tax was unconstitutional.

The trial court explained the U.S. Supreme Court's decision in National Private Truck Council, Inc. v. Oklahoma Tax Commission, 515 U.S. 582 (1995), established that Section 1983 was not intended as a vehicle to challenge the constitutionality of state taxes where state law provides an adequate remedy. Since

_____

[8] Because Brown based his claims solely on 42 U.S.C. §1983, the Department initially removed this suit to federal court. Reproduced Record (R.R.) at 160. However, the federal court subsequently granted Brown's motion for remand, and this suit was returned to the trial court. R.R. at 159-61.

6

1937, the Tax Injunction Act prevented federal courts from issuing declaratory and injunctive relief under Section 1983 where a state tax was asserted to be unconstitutional. The question presented in <u>National Private Truck Council</u> was whether such relief could be sought in state court under Section 1983. The U.S. Supreme Court, noting that issues of comity and federal restraint apply to state court proceedings where Section 1983 is invoked in the context of a state tax dispute, concluded Congress did not intend to permit Section 1983 as a vehicle for challenging a state tax in either state or federal court where state law provides an adequate legal remedy. To decide whether a remedy is adequate, the Supreme Court wrote:

> [S]tates are afforded great flexibility in satisfying the requirements of due process in the field of taxation. As long as state law provides a 'clear and certain remedy,' … the States may determine whether to provide predeprivation process (e.g., an injunction) or instead to afford postdeprivation relief (e.g., a refund).

<u>Id.</u> at 587 (citations omitted). The Pennsylvania Supreme Court affirmed these principles in <u>Kowenhoven</u>. Thus, both the U.S. and Pennsylvania Supreme Courts hold that neither federal nor state courts may entertain Section 1983 claims for declaratory, injunctive, or monetary relief where the state provides an adequate legal remedy.

The trial court further explained Pennsylvania law provides the full panoply of process and an adequate legal remedy where a taxpayer challenges the imposition of the realty transfer tax by providing the taxpayer with a full hearing

and judicial determination at which he may raise constitutional objections to the tax. Article XI-C of the Tax Reform Code of 1971[9] (Code) pertains to the realty transfer tax. Section 1102-C of the Code,[10] 72 P.S. §8102-C, provides for the imposition of the tax. The Department's Board of Appeals deals with a challenge to the imposition of the tax in the first instance. See Sections 1111-C,[11] 2702, 2703 of the Code, 72 P.S. §§8111-C, 9702, 9703; see also 61 Pa. Code §§7.11-7.15. Appeals from decisions of the Board of Appeals can be taken to the Board of Finance and Revenue. Section 2704 of the Code, 72 P.S. §9704.

If still dissatisfied, a taxpayer may take a direct appeal to the Commonwealth Court. 42 Pa. C.S. §763; see Pa. R.A.P. 1571. The Court's scope of review in appeals from decisions of the Board of Finance and Revenue is de novo because in such cases the Court functions as a trial court, even though the cases are heard in its appellate jurisdiction. See, e.g., Senex Explosives, Inc. v. Commonwealth, 58 A.3d 131 (Pa. Cmwlth. 2012), aff'd per curiam, 91 A.3d 101 (Pa. 2014). The Commonwealth Court entertains questions of federal constitutional law in such cases; its standard of review is de novo and its scope of review is plenary. See, e.g., Robert L. McNeil, Jr. Trust ex rel. McNeil v. Commonwealth, 67 A.3d 185 (Pa. Cmwlth. 2013). A final order of the Commonwealth Court from a decision of the Board of Finance and Revenue is

---

[9] Act of March 4, 1971, P.L. 6, as amended, added by the Act of May 5, 1981, P.L. 36, as amended, 72 P.S. §§8101-C–8114-C.

[10] Section 1102-C was added by the Act of May 5, 1981, P.L. 36, as amended.

[11] Section 1111-C of the Code was added by the Act of May 5, 1981, P.L. 36, as amended.

appealable as of right to the Pennsylvania Supreme Court. 42 Pa. C.S. §723(b); see also Pa. R.A.P. 1101(a)(2). Review may be available in the U.S. Supreme Court. 28 U.S.C. §1257.

The trial court explained that, where, as here, the legislature provides a statutory remedy that is mandatory and exclusive, equity is without power to grant relief to a party who failed to avail himself of that remedy. Erie Cnty. League of Women Voters v. Dep't of Envtl. Res., 525 A.2d 1290 (Pa. Cmwlth. 1987); Aquarian Church of Universal Serv. v. Cnty. of York, 494 A.2d 891 (Pa. Cmwlth. 1985).

The trial court stated that, based on the averments in his complaint, Brown failed to pursue the procedures provided by Pennsylvania law in pursuing his challenge of the realty transfer tax at issue. Compl. at ¶19; R.R. at 17-18. Instead, Brown filed several actions under Section 1983, culminating in the instant complaint. Because Pennsylvania law provides taxpayers with a "plain, speedy and efficient remedy," the trial court stated Brown's claims for relief under Section 1983 were barred. Cf. Brown v. Montgomery Cnty., 918 A.2d at 808 (stating "Pennsylvania law provides a full panoply of remedies to a taxpayer aggrieved by a tax imposed under the Assessment Law, and, thus, a Section 1983 action is not available to challenge taxes imposed thereunder.").

In addition, the trial court determined principles of preclusion barred Brown's current suit. It explained that under Pennsylvania law, court judgments can bar litigation under a theory of claim preclusion. Claim preclusion applies

9

when the claim and the parties to the first proceeding are the same as those involved in the second proceeding. Parties in the second proceeding may not re-litigate the claim or any issue that was or could have been litigated in the first proceeding. Duquesne Slag Prods. Co. v. Lench, 415 A.2d 53 (Pa. 1980).

Here, in Brown's 2000 federal suit, he challenged the Department's determination regarding the realty transfer tax, filing on behalf of himself and the Trust. He sought monetary, declaratory, and injunctive relief for alleged constitutional violations, including violations of the Fourteenth Amendment, pursuant to Section 1983. Brown sued the Attorney General, the Department of Revenue, Bureau of Individual Taxes, the Department of Revenue Board of Appeals, and the Board of Finance and Revenue, claiming the Commonwealth was not authorized to impose a realty transfer tax on the Trust or its corpus, located at 371 West Main Street. Department's Prelim. Objections at Ex. C; R.R. at 91-98. Essentially, the District Court determined Pennsylvania law provides taxpayers with all appropriate due process remedies to raise constitutional objections to a realty transfer tax, and it dismissed Brown's suit. Department's Prelim. Objections at Ex. D; R.R. at 99-101. The Third Circuit affirmed, and the U.S. Supreme Court denied Brown's petition for writ of certiorari. Having already litigated and lost the issue of whether the Department may impose a realty transfer tax on the Trust or its corpus, the trial court determined, Brown may not again litigate this issue.

Consequently, the trial court sustained the Department's preliminary objections and dismissed, with prejudice, Brown's latest attempt to challenge the realty transfer tax through a Section 1983 action. This appeal by Brown followed.

10

On appeal,[12] Brown argues the trial court's decision sustaining the Department's preliminary objections and dismissing his Section 1983 action with prejudice should be reversed and remanded. Specifically, he argues his complaint reveals the existence of a substantial constitutional question and the absence of an adequate statutory remedy, thereby invoking the trial court's equitable jurisdiction. He further contends his substantive constitutional claims against the Department's actions, taken under color of the Code, were never adjudicated on the merits by any court.

After reviewing the record, the parties' briefs, and the law in this area, we see no need to elaborate on the trial court's thorough and thoughtful opinion. The issues presented were ably resolved in the opinion of the Honorable Bernard A. Moore. Therefore, we affirm on the basis of the trial court's opinion in the matter of Samuel Brown, III, Natural Person, and As Joint Tenant Trustee with the Right of Survivorship v. Commonwealth of Pennsylvania, Department of Revenue Bureau of Individual Taxes, Megan Swisher, and Daniel P. Meuser (No. 2014-02711, filed July 16, 2015) (C.P. Montgomery).

---

[12] In reviewing a trial court's order sustaining "preliminary objections, the standard of review is *de novo* and the scope of review is plenary." Keller v. Scranton City Treasurer, 29 A.3d 436, 443 n. 12 (Pa. Cmwlth. 2011). "In order to sustain such a preliminary objection, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain it." Muncy Creek Twp. Citizens Committee v. Shipman, 573 A.2d 662, 663 (Pa. Cmwlth. 1990). In ruling on a challenge to the legal sufficiency of a complaint, only well-pled facts and reasonable inferences deduced from those facts are admitted. Id.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Brown III, natural person, :
and as Joint Tenant Trustee with :
the right of survivorship, :
                      Appellant :
                             :
               v. :  No. 839 C.D. 2015
                             :
Commonwealth of Pennsylvania :
Department of Revenue Bureau :
of Individual Taxes, Megan Swisher, :
and Daniel P. Meuser :

PER CURIAM

# **O R D E R**

      **AND NOW**, this 23rd day of December, 2015, the order of the Court of Common Pleas of Montgomery County is **AFFIRMED** on the basis of the trial court's opinion in the matter of <u>Samuel Brown, III, Natural Person, and As Joint Tenant Trustee with the Right of Survivorship v. Commonwealth of Pennsylvania, Department of Revenue Bureau of Individual Taxes, Megan Swisher, and Daniel P. Meuser</u> (No. 2014-02711, filed July 16, 2015) (C.P. Montgomery).